UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| KEVIN E. KING, | No. 18-mc-0049-WBS AC |
|---|---|
| Appellant, | |
| v. | ORDER |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al., | |
| Appellee. | |

This matter was transferred by the U.S. Bankruptcy Appellate Panel ("BAP") to the District Court for the limited purpose of ruling on plaintiff's motion for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. ECF No. 1. Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21).

Plaintiff's IFP application does make the showing required by 28 U.S.C. § 1915(a)(1) with regard to his financial status. ECF No. 2. However, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). The test for allowing an appeal in forma pauperis is easily met; the good faith requirement is satisfied if the appellant seeks review of any issue that is not frivolous. Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977).

////

Here, the good faith requirement is not satisfied and IFP status must be revoked. The court has taken judicial notice of the docket in plaintiff's underlying bankruptcy court proceeding. Fed. R. Evid. 201; United States v. Howard, 381 F.3d 873, 876 n. 1 (9th Cir.2004) (the court may take judicial notice of court records in another case). It is clear from these records that plaintiff moved to voluntarily dismiss his underlying bankruptcy case on March 13, 2018, and this motion was granted on March 20, 2018. Bankruptcy Case at ECF Nos. 80, 82. The voluntary dismissal of the underlying case dictates that the appeal to the BAP is not taken in good faith, and that continuing IFP status is not justified. Thus, plaintiff's IFP status is hereby REVOKED.

DATED: April 18, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE